(53 Misc. Rep. 354)

## In re FREUND.

(Supreme Court, Special Term, Westchester County.   March 15, 1907.)

1. ELECTIONS—NOMINATION—CAUCUS—VILLAGE OFFICERS.
   Where a primary or caucus for the nomination of village officers was not called by ,or· on behalf of the officers, or any committee of a political party, nominations made at a caucus called by others were not entitled to a place on the official ballot.

2. SAME—NOTICE.
   A notice of a proposed caucus, not signed by any person and not purporting to be signed by any person or committee, posted in one place in a village one day prior to the holding of the caucus, was insufficient.

3. SAME—PRIMARIES—RIGHT TO VOTE.
   Persons who had already voted at a regular Democratic or Republican village caucus were thereby disqualified to vote at another village caucus held by a different political party.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 117.]

4. SAME—NOMINATIONS—POLITICAL PARTIES—PRIMARY.
   Under the express provisions of Election Law, Laws 1896, p. 922, c.·909, § 56, nominations for village officers by a political party having cast more than 10,000 votes in the state at the last preceding election could only be made at a primary or caucus or by a properly appointed or duly authorized committee.

5. SAME—CALL FOR PRIMARY—CONDUCT.
   A lawful village primary or caucus can only be held on a suitable call issued or notice given by the organization representing the political party in the village and conducted in accordance with the provisions of the election law.

Application of John Freund to review the determination and decision of the village clerk of Hastings· on the Hudson refusing to print certain nominations of the Independence League for village officers on the official ballot.

Clarence J. Shearn, for the motion.
Charles D. Millard, opposed.

·TOMPKINS, J.   It seems from the papers before me that ·in the incorporated village of Hastings there is and for some time past has been a committee or organization representing the political party known as the "Independence League," and that on the 1st day of March, 1907, what purported to be a certificate of nominations of the Independence League for village officers was filed with the village clerk.   On the next day written·objections to the nominations and the certificate were duly filed with the village clerk.   The grounds of the objections were:

(1) "That no caucus was ever properly called by an authorized committee of the said Independence League."
(2) "That no legal notice, as required by law, was ever given to the electors of the village· of Hastings."
(3) "That no nomination has been made by the said Independence League, or any one legally authorized by them, in accordance with the election laws of the ʼstate of New York."ʼ

The village clerk gave notice of a hearing as required by the election ·law, and thereafter all the parties appeared before him.   Briefs

were submitted in support of the objections and in defense of the certificate. The clerk sustained the objections, finding that the certificate of nominations was defective, illegal, and void in the following particulars:

(1) "The parties claiming to hold such primary or caucus were not members of the Independence League, and did not legally represent said party."

(2) "Notices of such primary were not signed by any person claiming to represent said party."

(3) "Said party did not call any such primary through their duly qualified officers, as shown by affidavits of Nicholas U. Cook, president, and William G. Lawyer, secretary."

(4) "Henry C. Brown, who acted as secretary of said caucus, and who cast the only ballot claimed to have been voted thereat, having voted at a previous caucus, viz., the Democratic caucus, held on the 19th day of February, 1907, was estopped from participating at any such caucus or primary."

After a careful examination of all the papers and proceedings before the village clerk, it seems quite clear to me that the first three of his conclusions were correct, and that the names of the candidates in the certificate of nominations filed by the so-called Independence League should not go upon the official ballot. It appears that Nicholas U. Cook and William G. Lawyer, respectively, were president and secretary of the Independence League of the village of Hastings; that they never called, or caused any person or persons to call, a primary or caucus for the purpose of nominating village officers; and that the caucus at which the alleged nominations were made was not called by or on behalf of the officers or any committee of the Independence League. The caucus or meeting in question was held on Tuesday evening, February 26, 1907. The only public notice, so far as the papers show, of the proposed caucus, was posted in one place in said village on February 25th, between 10 and 11 o'clock in the forenoon. This notice was not signed by any person, and did not purport to be signed by any person or committee. At the foot of the notice was the following: "By Order of the Committee, per," and nothing more. Nine voters attended the caucus, three of whom had previously voted at either the regular Republican or regular Democratic village caucus, and for that reason had no right to vote or participate in another village caucus. The officers of the so-called caucus were not sworn and no tellers were appointed.

Section 56 of the election law (Laws 1896, p. 922, 'c. 909) provides:

"A party nomination of candidates for public office to be voted for, when in a town or ward of a city or a village or subdivision thereof, can only be made by a convention or primary or by a duly authorized committee of such convention or primary of a political party, which at the last preceding general election before the holding of such convention or primary, at which a Governor was elected, cast ten thousand votes in the state for such officer."

The Independence League at the last general election cast more than 10,000 votes in the state, and thus became entitled as a political party to nominate village officers and to have a column upon the official ballot; but such nominations can only be made at a primary or caucus, or by a properly appointed or duly authorized committee. The claim here is on the part of the Independence League that these nomi-

nations were made at a primary or caucus. To hold a lawful village primary or caucus, there must be a suitable call issued or notice given emanating from the organization representing the political party in the village, and the caucus or primary, when convened, must be conducted in accordance with the provisions of the election law. An affidavit made by William R. Hearst, and verified on the 26th day of February, 1907, the day on which this caucus or primary was held, was submitted to the village clerk in support of the validity of the certificate of nominations, and is now before me; and in that affidavit Mr. Hearst says:

"That the nominating convention held by such organization last week to nominate candidates of the Independence League for village officers to be elected at the ensuing election in said village, of which convention William Ross was chairman and H. C. Brown was secretary, was held by virtue of the authority, and by and with the consent and approval, of the state committee of the Independence League, and the candidates nominated thereat are the duly accredited and nominated candidates of the Independence League."

This affidavit was verified in the city of New York some time during the 26th day of February. The caucus or primary in question was held between 8 and 9 o'clock on the evening of the same day. Therefore the statements above quoted from this affidavit cannot have reference to the caucus or primary held on that night. In fact, it distinctly and expressly refers to some nominations made a week before, the validity of which are not now before the court. Unless nominations for village officers are made by a political party at a regularly called and properly conducted caucus, they can only be made by a petition signed by one hundred or more electors. This provision of the law would be nullified, if nine men could get together pursuant to such a notice as was given in this case, claiming to be members of a political party, and make nominations that would be entitled to a place on the official ballot. "It has become recognized that in our form of government the primaries, caucuses, and conventions of parties should be surrounded by all the safeguards and be conducted with the same conformity to law that our regular elections should be, and the act of the majority is the act of the committee; and, where there are no rules governing the actions of the primary, it must be held to the same rules that at common law govern any board or body of officers." Matter of Broat, 6 Misc. Rep. 445, 27 N. Y. Supp. 176; Matter of Redmond, 5 Misc. Rep. 369, 25 N. Y. Supp. 381.

My conclusion is that the meeting at which these nominations were made was not a caucus or primary of a political party, within the meaning of the provisions of the election law, and that the certificate of nominations filed with the village clerk is defective, illegal, and void, and that the determination of the village clerk should be sustained.